UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SALVADOR BACA SANCHEZ, | ) | 1:07-CV-840  AWI JMD (HC) |
| Petitioner, | ) ) ) | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | ) ) ) | |
| AVENAL STATE PRISON WARDEN, | ) ) | |
| Respondent. | ) ) | |

Petitioner Salvador Baca Sanchez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is a California inmate, and he challenged the administrative denial of a parole date. On December 8, 2009, the Court adopted Findings and Recommendations and denied the petition because "some evidence" supported the California Board of Parole Hearings's denial of a parole date. On December 21, 2009, Petitioner filed a notice of appeal. Petitioner did not request a certificate of appealability because prior to April 22, 2010, no certificate was required. However, in *Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc), the Ninth Circuit reversed prior precedent and held that a certificate of appealability would now be required for petitioners who challenge the administrative decision to deny them parole. On July 8, 2010, the Ninth Circuit remanded Petitioner's case to this Court for the limited purpose of granting or denying a certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, a certificate of appealability may only be issued "if jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; see Hayward, 603 F.3d at 553.  There must be "something more than the absence of frivolity or the existence of mere good faith" to justify the issuance of a certificate of appealability.   Miller-El, 537 U.S. at 328; see Hayward, 603 F.3d at 553.

In this action, the Court finds that reasonable jurists would not disagree with this Court's denial of the petition.  Based on the evidence, reasonable jurists would not disagree that "some evidence" of Petitioner's current dangerousness supported the denial of a parole date.  See Pearson v. Muntz, 606 F.3d 606, 608 (9th Cir. 2010); Hayward, 603 F.3d at 562-63.

Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:     July 11, 2010

CHIEF UNITED STATES DISTRICT JUDGE